Dave D Greer #1822254
Wyane Scott Unit
6999 Retrieve Rd
Angleton Tx 77815

September 1st 2015

41,804-02

Court of Criminal Appeals
Abel Acosta, Clerk
Supreme Court Bldg.
201 W. 14th St. Rm 106
Austin Tx 78711

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 09 2015

Abel Acosta, Clerk

Re: Ex Parte Dave D. Greer Writ No. 12-03324-CRF-272-A

Dear, Mr Acosta;

Please find enclosed Applicant's five Motion Entitled: 1) "Applicant's Motion For Leave To File His Motion To Nullify, Abandoned and or Withdraw His Previous Filed Motion To Supplement Ground of Error No. 18 Along with the Attached Memorandum of Law";

2) "Applicant's Motion To Retract, Nullify And or Abandond His Original Motion To Supplement Ground of Error No. 18 With Attached Memorandum of Law";

3) "Applicant's Motion For Leave To File His Motion to Supplement His Original Handwritten 11.07 Application By Adding Grounds of Error #18 And #19 That Are On The Forms Provided By The Court of Criminal Appeals"

4) "Applicant's Motion To Supplement His Original Handwritten 11.07 Application With Grounds of Errors #18 And #19 On The Forms Provided By The Court of Criminal Appeals"; And

(1)

5) "APPLICANT'S MOTION TO DESIGNATE THE RECORD TO BE TRANSMITTED AND INCLUEDED INTO THE OFFICAIL HABEAS CORPUS RECORD FOR THE COURT OF CRIMINAL APPEALS"

PLEASE FILE THESE MOTIONS IN THE ABOVE AND ENTITLED CASE. I WANT TO THANK YOU IN ADVANCE FOR YOUR TIME AND KIND ATTENTION IN THIS MOST URGENT MATTER.

RESPECTFULLY REQUESTED,

DAVE D. GREER

(2)

EX PARTE

§   IN THE CRIMINAL DISTRICT

§   272nd JUDICIAL DISTRICT

DAVE D. GREER

§   BRAZOS COUNTY, TEXAS

## APPLICANT'S MOTION FOR LEAVE TO FILE HIS MOTION TO NULLIFY, ABANDONED AND OR WITHDRAW HIS PREVIOUS FILED MOTION TO SUPPLEMENT GROUND OF ERROR NO. 18 ALONG WITH THE ATTACHED MEMORANDUM OF LAW

TO THE HONORABLE JUDGE OF SAID COURT:

COMES, DAVE DONE GREER, Applicant herein and in support of the motion will show this Honorable Court the following:

I.

Applicant seeks leave to file the above entitled motion. Allowing applicant to do so will better serve justice, also it will expedite the proceedings in this cause.

WHEREFORE, PREMISES CONSIDERED, Applicant prays that this motion will be granted so that justice can be served by allowing applicant to retract, withdraw and or abandoned his previously filed motion to supplement ground of error eighteen also including the attached memorandum of law, and grant Applicant any other or additional relief he is justly entitled to, it is so prayed.

Respectfully submitted,

Dave D. Greer #1829754
Wayne Scott Unit
6890 RETRIEVE RD.
Angleton, Texas 77515

1

## CERTIFICATE OF SERVICE

I, hereby certify that a true and correct copy of the motion has been sent to the; District Attorney, Mr. Jarvis Parsons, 300 E. 26th St. Suite 310, Bryan, Texas 77803; the Court of Criminal Appeals, District Clerk; Able Acosta, Supreme Court Bldg, 201 W. 14th St. Rm 106, Austin, Texas 78701-1449, by placing a copy of the same in the U.S. Mail box postage prepaid on this ___1st___ day of ___SEPTEMBER___, 2015.

_____
Dave D. Greer

WRIT NO. 12-03324-CRF-272-A

EX PARTE

DAVE D. GREER

*  IN THE CRIMINAL DISTRICT

*  272nd JUDICIAL DISTRICT

*  BRAZOS COUNTY, TEXAS

## APPLICANT'S MOTION TO RETRACT, NULLIFY AND OR ABANDON HIS ORIGINAL MOTION

## TO SUPPLEMENT GROUND OF ERROR # 18 WITH ATTACHED MEMORANDUM OF LAW

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DAVE DUANE GREER, Applicant herein and in support of this motion will show this Honorable Court the following:

I.

Justice will be better served by allowing Applicant to retract, nullify and or abandon his original motion to supplement his original handwritten 11.07 application with ground of error eighteen with an additional seven pages of memorandum of law to be attached to his original 50 page memorandum of law. If this motion WOULD HAVE BEEN GRANTED it would have made Applicant's application for 11.07 out of compliance as it would have violated rules by limiting two grounds of error on a single page. TEX.R.CIV.P. Rule 73.1(d). Also by seeking to add on additional 7 pages to the original 50 page memorandum of law it would have violated this same rule.

Filing a motion which seeks to violate the rules without seeking leave of the court to do so can not serve justice because it should be considered an illegal motion. Which the court can not grant. Doing so would be an abuse of discretion as it would be an act of misapplying the law to the facts.

WHEREFORE, PREMISES CONSIDERED, Applicant prays that this action will be granted so that justice can be served by allowing Applicant to retract, nullify and or abandon this improper motion that is pending before this Honorable court for consideration, and grant him any other or additional relief he is

1

justly entitled to, it is so prayed.

Respectfull submitted

Dave D. Greer #1839754
Wayne Scott Unit
6599 Retrieve Rd
Angleton, Texas 77515

## CERTIFICATE OF SERVICE

I, hereby certify that a true and correct copy of this motion has been sent to the; District Attorney, Mr, Jarvis Parsons, 300 E. 26th St. Suite 310, Bryann, Texas 77803; the Court of Criminal Appeals; District Clerk; Able Acosta, Supreme Court Bldg, 210 W. 14th St. Rm 106, Austin, Texas 78701-1445, by placing a copy of the same in the U.S. Mail box postage prepaid on this 1st day of September 2015.

Dave D. Greer

2

WRIT NO. 12-03324-CRF-272-A

EX PARTE                           *        IN THE CRIMINAL DISTRICT

                                   *        272nd JUDICIAL DISTRICT

DAVE D. GREER                      *        BRAZOS COUNTY, TEXAS

## APPLICANT'S MOTION FOR LEAVE TO FILE HIS MOTION TO SUPPLEMENT HIS ORIGINAL HANDWRITTEN 11.07 APPLICATION BY ADDING GROUNDS OF ERROR #18 & 19 THAT ARE ON THE FORMS PROVIDED BY THE COURT OF CRIMINAL APPEALS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DAVE DUANE GREER, Applicant herein and in support of this motion will show this Honorable Court the following:

### I.

Applicant seeks leave to file the above entitled motion. Allowing Applicant to do so will better serve justic. IT will also ensure and allow Applicant's Original Application for 11.07 to comply with the Rules of Appellant Procedure thereby providing and allowing the courts to consider #18 & 19 as grounds of error any and all reasons he seeks to have the court reverse his conviction or sentence must specifically be designated as a ground of error. Additionally granting this motion will allow the Applicant to conform his grounds of error to the allegations that are now CON tained in his "FIFTY PAGE MEMORANDUM OF LAW." Therefore, the ends of justice will be better served by granting Applicant leave to file the aforementioned motion.

WHEREFORE, PREMISES CONSIDERED, Applicant prays that this motion will be granted so that justice can be srved by Applicant being able to supplement his original handwritten 11.07 application, by adding grounds of error 18 & 19 so that the grounds of error Applicant seeks to have the Court of Criminal Appeals to reverse his conviction and sentence will counter with the aggegations within his original 50 page memorandum of law. By doing so will provide the

1

Court of Criminal Appeals jurisdiction to reverse his case due to the reasons listed in grounds of error 18 & 19, additionally Applicant seeks this Honorable Court to grant him any other or additional relief he is justly entitled to it is so prayed.

Respectfully submitted,

Dave D. Greer #1829754
Wayne Scott Unit
6999 Retrieve Rd.
Angleton, Texas 77515

## CERTIFICATE OF SERVICE

I, hereby certify that a true and correct copy of this motion has been sent to the; District Attorney, Mr. Jarvis Parsons, 300 e. 26th St. Suite 310, Bryan, Texas 77803; the Court of Criminal Appeals, District Clerk; able Acosta, Supreme Court Bldg, 201 W. 14th St. Rm 106, Austin, Texas 78701-1445, by placing a copy of the same in the U.S. mail box postage prepaid this _____1st_____ day of _SEPTEMBER_, 2015

Dave D. Greer

WRIT NO.  12-03324-CRF-272-A

EX PARTE                        •      IN THE CRIMINAL DISTRICT

                                •      272nd JUDICIAL DISTRICT

DAVE D. GREER                   ✶      BRAZOS COUNTY, TEXAS

**APPLICANT'S MOTION TO SUPPLEMENT HIS ORIGINAL HANDWRITTEN 11.07 APPLICATION**

**WITH GROUND OF ERRORS #18 & 19 ON THE FORMS PROVIDED BY THE COURT OF**

**CRIMINAL APPEALS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DAVE DUANE GREER, Applicant herein and in support of this motion will show this Honorable Court the following:

I.

Applicant in his original "fifty page" Memorandum of law law set forth all the facts regarding how the trial judge Travis Bryan III abused his discretion before, and during trial. APPLICANT is proceeding pro se and has no formal training in the law and overlooked the fact that before he can seek the court to reverse or even consider this abuse of discretion he must actually allege this abuse of discretion as a ground for relief. THEREFORE, Applicant is simply seeking to add grounds of error 18 & 19 to comply with the Texas Rules of Appellant Procedure. Also to provide the Honorable Court and the Court of Criminal Appeals authority to consider these allegations of abuse and jurisdiction to actually reverse Applicant's conviction and or sentence because of this abuse. Furthermore this will provide the court the right to fully develop the facts which is the very reason for the Habeas Corpus proceedings to develop facts that are presently outside the record. Thereby ensuring Applicant is provided his American's most treasured right, the constitutional right to a fair and impartial trial which is the pride of American Justice System. This is what sets America a part from other countries "the right to a fair and

1

impartial trail." If this has been denied a new trial will be ordered by the court of apepeals.

**WHEREFORE, PREMISES CONSIDERED,** Applicant prays that this motion will be granted so that justice can be served by applicant being able to supplement his original handwritten 11.07 application, by adding grounds of error 18 and 19 so that the grounds of errors Applicant seeks to have the Court of Criminal Appeals reverse his conviction and sentence will counterpart with the allegations within he original 50 page memorandum of law. By doing so will provide the Court of Criminal Appeals jurisdiction to so reverse his case due to the reasons listed in grounds of error 18 and 19, additionally applicant seeks this Honorable Court to grant him any other or additional relied his is justly entitled to, it is so prayed.

Respectfully submitted,

Dave D. Greer #1829754
Wayne Scott Unit
Retrieve Rd.
Angleton, Texas 77515

## CERTIFICATE OF SERVICE

I, hereby certify that a true and correct copy of this document has been sent to all parties in this cause that have been served by addressing a copy to: District Attorney, Mr. Jarvis Parsons, 300 E. 26th Street, Suite 310, Bryan, Texas 77803; The Brazos District Clerk, Marc Hamlin, 300 E. 26th St., Suite 1200, Bryan, Texas 77803, the District Clerk of the Court of Criminal Appeals; Abel Acosta, Supreme Court Bldg, 201 W. 14th St. Rm 106, Austin, Texas 78701-1445, by placing a copy of the same in the U.S. Mail postage prepaid on this _____1st_____ day of _SEPTEMBER_ 2015.

Dave D. Greer

2

GROUND:

GROUND OF ERROR NO. 18: THE TRIAL JUDGE ABUSED HIS DISCRETION WHICH DENIED APPLICANT A FAIR TRIAL AND EFFECTIVE ASSISTANCE OF COUNSEL AT TRAIL WHICH VIOLATED APPLICANT'S 6TH AND 14TH AMENDMENT RIGHTS OF THE U.S.CONST.

FACTS SUPPORTING GROUND:

1). THE TRIAL JUDGE HAD AN OFF-THE-RECORD DISCUSSION IN WHICH HE CAREFULLY EXPOUNDED WHY VENIREPERSON ROBERT CESSNA MAY VERY WELL BE BIAS DUE TO HIS CLOSE FRIENDSHIP WITH THE JUDGE.

2). THE JUDGE ALLOWED THE DVD TO BE INTRODUCED AS EVIDENCE IN THE MIDDLE OF TRIAL, WITHOUT A WRITTEN STIPULATION NOR EVEN AN ORAL STIPULATION IN WHICH THE EXACT TERMS WERE DEFINED.

3). THE JUDGE ALLOWED THE STATE TO CONTINUE TO USE FALSE EVIDENCE. THE TRIAL JUDGE ALLOWED THE STATE TO USE FALSE EVIDENCE TO PROVE THE ONLY TWO REMAINING ESSENTIAL ELEMENTS OF THE OFFENSE.

4). THE TRIAL JUDGE FAILED AND REFUSED TO HAVE THE RECORD REFLECT THE STEPS THAT WERE TAKEN TO SECURE APPLICANT'S PRESENCE ONCE THE JURY SENT OUT A NOTE AND BEFORE THE JUDGE RESPONDED TO THE NOTE.

5). THE JUDGE ALLOWED THE STATE TO USE HIGHLY PREJUDICIAL INFLAMMATORY TESTIMONIAL STATEMENTS OF JAILER McKINNY'S VOL.4 P.9-15.

6). DURING THE SUPPRESSION HEARING THE TRIAL JUDGE SPOTLIGHTED THE FACT THAT NO OFFICER IDENTIFIED APPLICANT AS THE DRIVER OF THE TRUCK. HE THEN EXPRESSED HIS CONCERNS ABOUT THE CREDIBILITY OF THE CI. BUT NEVER ORDERED THE CI TO BE PRODUCED FOR AT LEAST AN IN CAMERA QUESTIONING.

7). THE JUDGE ABUSED HIS DISCRETION BY ALLOWING THE STATE TO PROVE IDENTIFICATION OF APPLICANT AS THE DRIVER OF THE TRUCK BY HEARSAY TESTIMONY OF THE CI WHAT MAKES THIS SUCH A BLATANT EXAMPLE OF ABUSE OF DISCRETION IS THE JUDGE ADMITTED TO KNOWING THE STATE DID SO ON RECORD, VOL.4 P.108 L.12-17.

8). THE JUDGE ABUSED HIS DISCRETION BY ALLOWING THE D.A. TO USE THE VOIR DIRE TO HANDPICK AND COMMIT A JURY THAT WOULD CONVICT APPLICANT BASED UPON THE FACTS OF

14

Rev. 01/14/14

THE CASE.

9). THE JUDGE BLATANTLY ABUSED HIS DISCRETION BY HAVING AN OFF-THE-RECORD DISCUSSION WITH TRIAL COUNSEL IN WHICH COUNSEL REVEALED THE EXTENSIVE HIGHLY PROBABILITY THAT WAS REPRESENTATION OF APPLICANT: REPRESENTED A SEVERE CONFLICT OF INTEREST.

10). THE TRIAL JUDGE ABUSED HIS DISCRETION WHEN HE REFUSED AND FAILED TO REVEAL IN ALL FAIRNESS THAT THE BRAZOS CO. SHERIFF'S DEPARTMENT DID NOT HAVE AN EVIDENCE CONTROL SYSTEM FROM THE TIME OF APPLICANT'S ARREST UP UNTIL TRIAL.

11). THE JUDGE BLATANTLY ABUSED HIS DISCRETION BY IMPLEMENTING A TOTALLY SECRET MEETING WITH THE DELIBERATING JURORS WITH ONLY STATE PROSECUTOR AND JUDGE PRESENT. PETITIONER AND HIS COUNSEL WERE NOT PRESENT.

12). THE JUDGE ABUSED HIS DISCRETION BY ALLOWING THE D.A. TO MISSTATE THE LAW TWICE. THE FIRST THAT APPLICANT'S FIFTH AMENDMENT RIGHT TO REMAIN SILENT INCLUDES THE RIGHT TO NOT INCRIMINATE OTHERS. SECOND THAT THE JURY COULD BASE THEIR VERDICT UPON PROOF LESS THAT BEYOND A REASONABLE DOUBT.

15

Rev. 01/14/14

**GROUND:**

GROUND OR ERROR NO. 19: THE TRIAL JUDGE ABUSED HIS DISCRETION WHICH DENIED APPLICANT HIS RIGHT TO A COMPLETE TRIAL RECORD ON APPEAL THEREBY DENYING APPLICANT HIS 6TH AND 14TH AMENDMENT RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL.

**FACTS SUPPORTING GROUND:**

1). THE TRIAL JUDGE HAD AN OFF-THE-RECORD DISCUSSION IN WHICH HE CAREFULLY EXPOUNDED WHY VENIREPERSON ROBERT CESSNA MAY VERY WELL BE BIAS DUE TO HIS CLOSE FRIENDSHIP WITH THE JUDGE.

2). THE JUDGE ALLOWED THE DVD TO BE INTRODUCED AS EVIDENCE IN THE MIDDLE OF TRIAL, WITHOUT A WRITTEN STIPULATION NOR EVEN AN ORAL STIPULATION IN WHICH THE EXACT TERMS WERE DEFINED.

3). THE TRIAL JUDGE FAILED AND REFUSED TO HAVE THE RECORD REFLECT THE STEPS THAT WERE TAKEN TO SECURE APPLICANT'S PRESENCE ONCE THE JURY SENT OUT A NOTE AND BEFORE THE JUDGE RESPONDED TO THE NOTE.

4). THE JUDGE BLATANTLY ABUSED HIS DISCRETION BY HAVING AN OFF-THE-RECORD DISCUSSION WITH TRIAL COUNSEL IN WHICH COUNSEL REVEALED THE EXTENSIVE HIGHLY PROBABILITY THAT WAS REPRESENTATION OF APPLICANT REPRESENTED A SEVERE CONFLICT OF INTEREST.

5). THE TRIAL JUDGE ABUSED HIS DISCRETION WHEN HE REFUSED AND FAILED TO REVEAL IN ALL FAIRNESS THAT THE BRAZOS CO. SHERIFF'S DEPARTMENT DID NOT HAVE AN EVIDENCE CONTROL SYSTEM FROM THE TIME OF APPLICANT'S ARREST UP UNTIL TRIAL.

6). THE JUDGE BLATANTLY ABUSED HIS DISCRETION BY IMPLEMENTING A TOTALLY SECRET MEETING WITH THE DELIBERATING JURORS WITH ONLY STATE PROSECUTOR AND JUDGE PRESENT. APPLICANT AND HIS COUNSEL WERE NOT PRESENT.

14

Rev. 01/14/14

WRIT NO. 12-03324-CRF-272-A

EX PARTE

● IN THE CRIMINAL DISTRICT

● 272nd JUDICIAL DISTRICT

DAVE D. CREER

● BRAZOS COUNTY, TEXAS

APPLICANT'S MOTION TO DESIGNATE THE RECORD TO BE TRANSMITTED AND INCLUDED
IN TO THE OFFICIAL HABEAS CORPUS RECORD FOR THE COURT OF CRIMINAL APPEALS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DAVE DUANE CREER, Applicant herein and in support of this motion will show this Honorable Court the following:

I.

It's Applicant's obligation to provide a sufficient record that supports his factual allegations with proof by a preponderance of the evidence Ex Parte Chandler, 182 S.W.3d 350, 353 (Tex.Crim.App. 2005). The Court of Criminal Appeals needs to be provided with these designated records so they can verify all the Applicant's factual allegations.

II.

Applicant specifically designates the following to be sent to the Texas Court of Criminal Appeals. These records are set forth in chronological order:

1) The Clerk's Record Vol. 1 of 1                                      60 pages

THE COURT REPORTS RECORDS:

2 Vol. 1 of 6 – Master Index                                          11 Pages

3) Vol. 2 of 6 – Docket Call                                          70 P.

4) Vol 3 of 6 – Jury Voir Dire Proceeding                             175 P.

5) Vol. 4 of 6 – Jury Trial                                          198 P.

6) Vol. 5 of 6 – Sentencing                                          61 P.

1

Applicant's father tried to hand deliver a complete copy of the aforementioned transcripts to the Brazos County Dist. Clerk's Office. They compl____ refused to except them stating: "We have our own copy." Applicant knowing it is his duty to provide the records. Applicant's father sent a copy by certified mail to Mr. Marc Hamlin, Dist. Clerk of Brazos County, so he would have a certified copy to be sent to the Court of Criminal Appeals for this Habeas Proceeding.

### III.

Applicant specifically additionally needs the following designated records to be sent to the Court of Criminal Appeals.

8) Applicant's Original COMPLETELY HANDWRITTEN 11.07 APPLICATION.        36 P.

9) Applicant's motion to provide notice that the transcribed trial records are incomplete        4 P.

10) Applicant's Memorandum of Law (MOL).        50 P.

11) All the exhibits that are attached to Applicant's MOL.        28 P.

12) Applicant's motion to supplement ground of error 13 V.C.C.P. 11.07 by additional reasons twenty three to twenty five why counsel was ineffective.        4 P.

This is still a pending motion because no rulling has been

13) Applicant's motion to hold proceedings in this case in abeyance until Applicant is provided the missing portions of the mandatory records.b  This motion has a one page exhit that is attached to it.  4 P.

14) Applicant's motion for a live evidentiary hearing to develop the factual bases for his claims of ineffective assistance of counsel and _____ allow counsel to explain his actions also provide the district attorneys and the trial judge a chance to explain their actions.

2

This motion was filed on 6-17-15 but was never ruled on.          13 P.

15) Applicant's response to the court's order and request for a supplement order be issued and supplemental request for live evidentiary hearing because the judge that signed the order for this paper hearing is not the same judge that presided over the trial a paper hearing is therefore, not adequate. Filed on 7-31-15. This is still a pending motion because it has never been ruled on.          20 P.

16) Applicant's motion to supplement his application of 11.07 and memorandum of law. Filed on 8-4-15. No ruling. The motion was 2 pages, 2 pages on the forms, 6 pages MOL 1 page certificate of service total          11 P.

17) Letter to Kyle Hawthorn: NOTICE OF INTENT TO FILE A WRIT OF MANDAMUS because not one single motion has been ruled on. This letter was mailed on 8-24-15.          3 P.

18) Applicant's motion for leave of appellate procedure Rule 73.4(b)(2) () until the Court complies with Rule 47, due to the fact the court cited a case that Applicant has no access to. Filed on 8-28-15.          2 P.

19) Applicant's motion for suspension of Texas Rules of Appellant Procedure Rule 73.4(b)(2) until the court complies with Rule 47, due to the fact the court cited an opinion that applicant does not have access to.          2 P.

20) Applicant's motion to set forth the Brazos County District Clerk(s) actions and inactions that have violated the rules of App. P. that illegally lead to the District Court recommending to dismiss Applicant's 11.07 for being out of compliance and otherwise illegally influenced the Honorable Court's recommendations.          5 P.

21) Applicant's motion to recuse the Honorable Travis Bryan III pursuant to TEX.R.CIV.P. Rule 18a from any and all proceedings dealing

3

with Applicant's 11.07 Habeas Corpus. Mailed on 8-28-15          4 P.

22) Applicant's objections to the new presiding Judge's Order to transmit Habeas Corpus Record which simultaneously circumvents the Honorable Kyle Hawthorn's order Designating Issues. Maile on 8-28-15. 12P.

23) Applicant seeks to have a copy all motions that he is filing today 9-1-15, Which includes two motions forleave and the two motions he is seeking leave to file and this motion. To beincluded. Applicant is providing the Court of Criminal Appeals a copy of each of these motions.

24) Acopy of each and every order this court has made on any and all motions Applicant or anyone else has filed in this cause.

WHEREFORE, PREMISES CONSIDERED, Applicant prays this motion will be granted thereby transmitting each and every requested document listed within this motion without delay to the Court of Criminal Appeals, and grant any other or additional relief he is justly entitled to, it is so prayed.

Respectfully submitted,

Dave D. Greer #1829754
Wayne Scott Unit
6999 Retrieve Rd
Angleton, Texas 77515

### CERTIFICATE OF SERVICE

I, HEREBY CERTIFY THAT A TRUE ANDCORRECT COPY OF THIS MOTION HAS BEEN SENT TO THE; DISTRICT ATTORNEY, MR. JARVIS PARSONS, 300 E. 26th ST. SUITE 310 BRYAN, TEXAS 77803; THE COURT OF CRIMINAL APPEALS: DISTRICT CLERK; ABLE ACOSTA SUPREME COURT BLDG. 201 W. 14th RM 106, AUSTIN, TEXAS 78701-1445, BY PLACING A COPY OF THE SAME IN THE U.S. MAIL BOX POSTAGE PREPAID ON THIS ___1st___ DAY OF _____SEPTEMBER_____, 2015.

Dave D. Greer

4